**Romano C. PATALINGHOG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73665.
Agency No. A72–676–896.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Romano C. Palinghog, Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

### MEMORANDUM**

Romano C. Patalinghog, a native and citizen of the Philippines, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual findings and will reverse only if the evidence compels such a result. *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001). We deny the petition for review in part, and vacate and remand in part.

The IJ denied asylum on two independent grounds: 1) Patalinghog was

barred under 8 U.S.C. § 1158(b)(2)(A) from obtaining asylum relief due to his former membership in the New People's Army, and 2) Patalinghog failed to establish he was eligible for asylum. We lack jurisdiction under 8 U.S.C. § 1158(b)(2)(D) to review the IJ's determination that Patalinghog is barred from asylum, *see Bellout v. Ashcroft,* 363 F.3d 975, 977 (9th Cir.2004), and retain jurisdiction to review the determination that he is ineligible for asylum, *see* 8 U.S.C. § 1252. Because the BIA stated it only affirmed the results of the IJ decision, we have no way of knowing whether it affirmed the IJ's decision on the reviewable ground, the unreviewable ground, or both. Accordingly, we remand to the BIA to clarify its grounds for affirming the IJ's decision. *See Lanza v. Ashcroft,* 389 F.3d 917, 932–33 (9th Cir. 2004).

■ Substantial evidence supports the IJ's denial of withholding of removal because Patalinghog's vague testimony concerning death threats and people roaming near his home does not compel a finding that Patalinghog more likely than not would be persecuted upon return to the Philippines. *See Lim v. INS,* 224 F.3d 929, 938 (9th Cir.2000). We do not address the adverse credibility finding because it is not necessary to our decision.

■ Patalinghog's contention concerning the BIA's streamlining procedures is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003). Additionally, we do not address Patalinghog's CAT claim because he did not exhaust his administrative remedies. *See Ortiz v. INS,* 179 F.3d 1148, 1152–53 (9th Cir. 1999).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW DENIED in part; VACATED and REMANDED in part.**